**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KENNETH DOUGLAS CLARK, III, | ) | |
| | ) | Civil Action No. 24-796 |
| Plaintiff, | ) | |
| | ) | District Judge Christy Wiegand |
| v. | ) | Magistrate Judge Kezia O. L. Taylor |
| | ) | |
| ZAKEN, et al., | ) | |
| | ) | ECF No. 82 |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

## I.    RECOMMENDATION

It is respectfully recommended that Defendants' Partial Motion to Dismiss be granted in part and denied in part.  Specifically, Defendants' motion seeking dismissal of Plaintiff's claims against them in their official capacities should be granted insofar as Plaintiff is seeking money damages.  This dismissal should be with prejudice as amendment would be futile.  Defendants' Partial Motion to Dismiss for lack of personal involvement should be denied.

## II.    REPORT

### A.  Procedural History

Plaintiff Kenneth Douglas Clark, III ("Plaintiff") is a *pro se* prisoner currently housed at SCI-Greene, where the events giving rise to this action occurred.  Plaintiff commenced the instant action on June 3, 2024, with the filing of a Motion to Proceed *in forma pauperis*.  ECF No. 1. Plaintiff's motion was granted and his Complaint was docketed on June 11, 2024.  ECF Nos. 4, 6. In response to this Court's Order of July 10, 2024, Plaintiff filed an amended complaint on July 30, 2024, wherein he brought constitutional claims related to a December 3, 2023 cell extraction incident that involved the use of pepper spray.  ECF Nos. 9, 11.

On October 21, 2024, Defendants filed a partial motion to dismiss, and Plaintiff submitted his response, as well as what appeared to be a supplemental response entitled "Plaintiff's Motion Not to Dismiss Amended Complaint." ECF Nos. 21, 25, 26. On April 3, 2025, Plaintiff filed a motion to amend his operative complaint, which the undersigned interpreted as a motion to supplement his amended complaint to add a claim for battery that was granted. ECF Nos. 35, 36. In response, Defendants filed a partial motion to dismiss, which was granted in part and denied in part. ECF Nos. 21, 41, 49. The remaining defendants – Flood, Fowler, Jones, Riggleman, and Siebert – filed their answer and a period of discovery ensued. ECF Nos. 52, 55. This case was then administratively stayed, and after the stay was lifted, Plaintiff filed a correspondence with the Court that was construed as a request to amend his complaint to add certain defendants, which the Court granted. *See* ECF Nos. 56, 63, 65. On October 30, 2025, Defendants filed a partial motion to dismiss, in response to which Plaintiff filed a brief in opposition on November 17, 2025. ECF Nos. 82, 92. Defendants' motion is ripe for review.

### B. **Factual Allegations**

The factual allegations in the operative pleading are essentially the same as those in Plaintiff's pleading at ECF No. 11. As such, the factual allegations included in this Court's prior Report and Recommendation are incorporated herein by reference, subject to the following changes:

1. Plaintiff identifies the three-man extraction team as being comprised of Defendants Fowler, Addison[1], and Riggleman. ECF No. 69 at 2.

2. During the time when Plaintiff was being sprayed with OC while the three-man extraction team was present, Defendant Siebert was spraying Plaintiff and Defendant Riggleman was hitting Plaintiff with a nightstick. *Id*.

---

[1] Pursuant to this Court's Order at ECF No. 79, the name of Defendant Addison was changed to Adamson. In order to avoid confusion, Adamson will be used throughout the instant Report and Recommendation.

3.  The seven-man team was comprised of Defendants Fowler (shield officer), Adamson (hands-on officer), Riggleman (handcuffs officer), Smith (hands-on officer), Gates (legs, cuff officer), and Phillips (equipment officer). *Id*. [2]

As relief, Plaintiff seeks compensatory and punitive damages for the injuries he sustained, and release from the treatment unit where he was housed. *Id*. at 3.

## C.  <u>**Legal Standard**</u>

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and view them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). Because Plaintiff is proceeding *pro se*, the allegations in the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering a motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550

---

[2]  Plaintiff includes Adamson in both the three-man extraction team and in the seven-man team, that included the three-man extraction team. This adds up to six men, and not seven. However, the Court recognizes that Defendant Flood is still in the case. Since Defendants did not move to dismiss him in their motion, the Court declines to do so *sua sponte*, and will assume, for purposes of the instant Report and Recommendation only, that Defendant Flood was either a member of either the three-man or the seven-man team, or involved in the December 3, 2023 incident in some other way.

U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957)).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as explained in the complaint. *See California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Put another way, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). Expounding on the *Twombly* and *Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then

> determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

Finally, the Court recognizes that in a civil rights action, when dismissing a case for failure to state a claim, a court must give the plaintiff an opportunity to amend a deficient complaint, regardless of whether the plaintiff requests to do so, unless amendment would be inequitable or futile.  *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

### D. <u>Discussion</u>

#### 1. <u>Official Capacity</u>

Plaintiff brings his Eighth Amendment excessive force claim against Defendants in both their individual and official capacities.  ECF No. 69 at 1.  Defendants seek dismissal of all claims asserted against Defendants Adamson, Smith, Gates, and Phillips, in their official capacities.  ECF No. 83 at 6.  Their request is warranted.

The Eleventh Amendment proscribes actions for money damages in the federal courts against states, their agencies, and state officials acting in their official capacities.  *Laskaris v. Thornburgh*, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274 (1977) (state agencies); *Edelman v. Jordan*, 415 U.S. 651 (1974) (state employees acting in their official capacity).  It is well-settled that "Pennsylvania has not waived its immunity from suit in federal court."  *Toth v. California Univ. of Pennsylvania*, 844 F. Supp. 2d 611, 648 (W.D. Pa. 2012) (citing 42 Pa. C.S.A. § 8521(b)).  Nor did Congress intend by the general language of

Section 1983 to override the traditional sovereign immunity afforded to the states. *Quern v. Jordan*, 440 U.S. 332, 342-45 (1979); *see also Toth*, 844 F. Supp. 2d at 648. The DOC, as an agency of the Commonwealth of Pennsylvania, and its agents and employees, are therefore entitled to Eleventh Amendment immunity for money damages. *See Brown v. Smith*, 2019 WL 2411749 (W.D. Pa. June 7, 2019).

As such, it is respectfully recommended that Plaintiff's claims for money damages, brought against Defendants Adamson, Smith, Gates, and Phillips in their official capacities, be dismissed with prejudice.

### 2. **Personal Involvement**

Next, Defendants argue that Adamson, Smith, Gates, and Phillips should be dismissed from this case because "[t]he allegations asserted against said defendants are insufficient to establish personal involvement under §1983." ECF No. 83 at 6. Specifically, Defendants submit that because Plaintiff failed to assign a specific action or actions to each of the aforementioned individuals, the excessive force claim asserted against them should be dismissed. *Id*. at 7. The Court should deny their request.

For liability to be imposed under 42 U.S.C. § 1983, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior.*" *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)(citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981) (other citation omitted)); *see also C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir. 2005) ("To impose liability on the individual defendants, Plaintiffs must show that each one individually participated in the alleged constitutional violation or approved of it.") (citing C.*H. v. Oliva*, 226 F.3d 198, 201–02 (3d Cir. 2000) (en banc)).

6

A plaintiff must aver this personal involvement through allegations of participation, personal direction, or actual knowledge and acquiescence. *Rode*, 845 F.2d at 1207. These allegations "must be made with appropriate particularity." *Id. See also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) ("Particularly after *Iqbal*, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to 'demonstrate a 'plausible nexus' or 'affirmative link' between the [directions] and the specific deprivation of constitutional rights at issue.'") (quoting *Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000)).

Here, albeit not with as much specificity as Defendants want, at this stage of the proceedings, Plaintiff adequately alleges the involvement of Defendants Adamson, Smith, Gates, and Phillips in the use of force event that gives rise to this lawsuit. He provides the date of the event, describes the incidents that occurred, and identifies the individuals who were involved. *See* ECF No. 69. While Plaintiff's allegations do not clearly articulate the role of each of the participating Defendants, the allegations support that each either exerted excessive force or failed to intervene in the assault by other officers. At this stage of the proceedings, this is enough to support the personal involvement of Defendants Adamson, Smith, Gates, and Phillips. *See Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002) (where Plaintiff alleged that all officers participated in his beating, and "it [wa]s undisputed that all of the named officers were in the vicinity at some point when Smith allege[d] he was beaten," his failure to identify each officer's specific involvement did not negate their personal involvement in his excessive force claim).

7

## III.   CONCLUSION

For the above reasons, it is respectfully recommended that Defendants' Partial Motion to Dismiss be granted in part and denied in part.  Specifically, Defendants' motion seeking dismissal of Plaintiff's claims against them in their official capacities should be granted insofar as Plaintiff is seeking money damages.  This dismissal should be with prejudice as amendment would be futile. Defendants' Partial Motion to Dismiss for lack of personal involvement should be denied.

In accordance with the Federal Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file written objections thereto.  Any party opposing such objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: April 2, 2026.

BY THE COURT

s/Kezia O. L. Taylor
KEZIA O. L. TAYLOR
United States Magistrate Judge

KENNETH DOUGLAS CLARK, III, QK6589
SCI-Greene
169 PROGRESS DRIVE
WAYNESBURG, PA 15370

8